UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------
UNITED STATES OF AMERICA,

    -against-

TRAMAINE BROWN,

        Defendant.

--------------------------------

ORDER
No. 18-CR-0604 (JS)

APPEARANCES

For Defendant:     Tramaine Brown, <u>Pro Se</u>
                338 Lamplight Drive
                Melbourne, Florida  32934

For United States:  No Appearance[1]

SEYBERT, District Judge:

Presently before the Court is the <u>pro se</u> motion of Defendant Tramaine Brown ("Defendant") seeking early termination of his five years of supervised release (hereafter, the "Motion"). (<u>See</u> ECF No. 146.)  For the reasons stated herein, the Motion is DENIED.

BACKGROUND

I.   <u>Generally</u>

The Court presumes the reader's familiarity with the background of this case.  <u>See, e.g.</u>, <u>United States v. Brown</u>, No. 18-CR-0604, 2024 WL 4790165, at *1 (E.D.N.Y. Nov. 14, 2024)

---

[1] The Government was not directed to file a response to Defendant's Motion.

(providing background of Defendant's underlying conviction). However, for the reader's convenience, the following summary is provided. On June 20, 2019, and pursuant to a plea agreement with the Government, Defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute 280 grams or more of crack cocaine. On January 21, 2020, he was sentenced to 120 months' imprisonment and five years' supervised release. (See Judgment, ECF No. 79.)

While under the custody of the Bureau of Prisons ("BOP"), in March 2023, Defendant was released to home confinement. (See Motion at (unnumbered) 2); see also Brown, 2024 WL 4790165, at *2 (citing, inter alia, Mar. 23, 2023 Notice of Change of Address, ECF No. 134). On December 20, 2024, Defendant was granted presidential clemency, "resulting in the commutation of the remainder of his custodial sentence and his transition to supervised release." (Motion at 2; see also Executive Grant of Clemency, ECF No. 142.)

II.  The Instant Motion

In seeking early termination of his supervised release, Defendant states he "has now successfully completed approximately one year and two months of supervised release without any violations." (Id.) Further, Defendant asserts, inter alia, he has "remained fully compliant with all conditions imposed by the Court"; "maintained stable and lawful employment"; "consistently

demonstrated responsible and law-abiding behavior"; "satisfied all financial obligations related to his case"; "strengthened his family ties, including becoming a father"; and "continued to live a structured, productive, and positive life". (Id. at 2-3.) Conspicuously, Defendant does not state whether the Probation Department or the Government support his Motion; indeed, there is no mention of either entity in the Motion.[2]  (See Motion, in toto.) Nor is the Motion supported by an affidavit or other evidence, which would substantiate Defendant's claims.  (See id.)

DISCUSSION

I.   Applicable Law

As correctly stated by Defendant, early termination of supervised release is governed by 18 U.S.C. § 3583(e).  (See Motion at 3.)  And, it is well-established a court has discretion to "terminate a term of supervised release and discharge a defendant 'at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" United States v. Gamble, No. 18-CR-0606, 2025 WL 3482731, at *1 (E.D.N.Y. Dec. 4, 2025) (quoting United States v. Melvey, No. 07-CR-0055, 2018 WL 6624193, at *1 (E.D.N.Y. Dec. 18, 2018)

---

[2]  However, Defendant has certified service of his Motion upon the Government.  (See Cert. of Serv., ECF No. 146 at ECF p.5, attached to Motion.)

Page 3 of 8

(quoting 18 U.S.C. § 3583(e)(1); further citation omitted); see also United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); United States v. McKay, 352 F. Supp.2d 359, 360-61 (E.D.N.Y. 2005); United States v. Andrew, No. 22-CR-0032, 2025 WL 1004752, at *2 (E.D.N.Y. Apr. 2, 2025).  In exercising this discretion, the court must consider certain Section 3553(a) Factors.  See 18 U.S.C. § 3583(e)(1); see also United States v. Scarpa, No. 18-CR-0123, 2024 WL 1886681, at *1 (E.D.N.Y. Apr. 30, 2024); Melvey, 2018 WL 6624193, at *2 ("When determining whether to grant such an application, the Court also must consider the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6).  These factors are also weighed by the Court in determining the initial sentence." (citing § 3583(e)(1); Lussier, 104 F.3d at 36 (stating court must consider certain factors in Section 3553(a) before permitting early termination of a term of supervised release))).  "[A] statement that the district court has considered the statutory factors is sufficient." United States v. Parker, No. 21-CR-0341, 2025 WL 1635971, at *3 (E.D.N.Y. June 9, 2025) (citation modified).

"Early termination is not, however, 'warranted as a matter of course'."  United States v. Rosario, No. 17-CR-0027, 2023 WL 7305260, at *2 (S.D.N.Y. Nov. 6, 2023) (quoting United States v. Bastien, 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015); further citation omitted)); Parker, 2025 WL 1635971, at *2 (same).

Rather, "'[f]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.'" Bastien, 111 F. Supp. 3d at 321 (quoting United States v. Fenza, No. 03-CR-0921, 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013)); see also Andrew, 2025 WL 1004752, at *3 (while commending defendant for "complying with the conditions of his current supervision and for his overall progress since being released from custody", stating "such compliance is expected of one under supervision" and, therefore, denying early termination of supervised release (collecting cases)).  Indeed, as the Second Circuit explained in Lussier, "early termination is not warranted as a matter of course; on the contrary, it is only 'occasionally' justified due to 'changed circumstances' of a defendant, such as 'exceptionally good behavior.'" United States v. Osorio, No. 11-CR-0524, 2016 WL 4098589, at *1 E.D.N.Y. July 27, 2016); Melvey, 2018 WL 6624193, at * 2 (same); see also McKay (stating "[c]hanged circumstances that justify early termination include a defendant's exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals").  "It is [the defendant's] burden to show that such early termination is appropriate." Scarpa, 2024 WL 1886681, at *1.

II.  Application

Defendant has not met his burden of showing early termination of his supervised release is warranted.  His bald statements of compliance fall well short of demonstrating, e.g., exceptionally good conduct, or that granting the requested early termination would be in the interest of justice.  See 18 U.S.C. § 3583(e)(1); cf. Parker, 2025 WL 1635971, at *2 (collecting cases where courts have granted motions for early termination in light of defendants' rehabilitative efforts and exceptionally good conduct), and at *4 ("Even in cases where individuals have fully complied with the terms of their supervised release, courts have found that such conduct does not amount to 'exceptionally good behavior' as to render the conditions of their supervised release 'too harsh or inappropriately tailored to . . . the general punishment goals of [S]ection 3553(a).'" (quoting Lussier, 104 F.3d at 36; collecting cases)).  Yet, it is his burden to do so. See Scarpa, 2024 WL 1886681, at *1.  Hence, given the inadequacies of Defendant's Motion, i.e., his failure to present specific facts and circumstances, and supporting documentation, demonstrating "exceptionally good behavior", the Court finds consideration of the relevant Section 3553(a) Factors continue to require supervised release.  See, e.g., Brown, 2024 WL 4790165, at *6-7 (in denying Defendant's compassionate release motion, discussing the Section 3553(a) Factors and finding, in this case, they counsel

Page 6 of 8

against granting compassionate release; highlighting the serious nature of Defendant's offense of conviction).)   Simply put: Without more, post-incarceration conduct which is unblemished is an "insufficient reason to terminate . . . supervised release since, if it were, the exception would swallow the rule." McKay, 352 F. Supp.2d at 361 (quoting United States v. Medina, 17 F. Supp.2d 245 (S.D.N.Y. 1998)); see also Melvey, 2018 WL 6624193, at *2 (same); Osorio, 2016 WL 4098589, at *2 (same); contra United States v. Phillip, No. 14-CR-0264, slip op. (E.D.N.Y. July 28, 2025) (reducing defendant's term of supervised release where defendant provided detailed examples of exceptionally good behavior and reintegration into society, together with several letters of support).   At bottom:

> [a]lthough the Court is pleased to hear of [Defendant's] progress, he has established only that he has complied with the specific terms of his [supervised release] and has continued to stay out of trouble following his release from prison.  These do not constitute "new and unforeseen circumstances" that warrant early termination of his supervised release.

United States v. Lewis, No. 13-CR-0487, 2020 WL 1275233 (E.D.N.Y. Mar. 17, 2020) (denying motion for early termination of supervised release) (citing Lussier, 104 F.3d at 36); see also, e.g., United States v. Wheeler, No. 12-CR-0492, 2025 WL 1295610, *1 (S.D.N.Y. may 5, 2025) (applauding defendant's "successful compliance with the conditions of his supervised release to date", but denying

motion for early termination of supervised release because "this is what is expected of a person under . . . supervised release and does not warrant early termination" (internal quotation marks and citation omitted)).

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion (ECF No. 146) is **DENIED** in its entirety, but without prejudice to renew;

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies any appeal from this Order would not be taken in good faith; therefore, in forma pauperis status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail a copy of this Order to Defendant at his address of record.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  July 8, 2026
        Central Islip, New York